# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MARCH SESSION, 1997



FILED

July 23, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9606-CC-00255 |
| | ) | |
| Appellee, | ) | |
| | ) | PUTNAM COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. LEON BURNS, JR., JUDGE |
| ROBERT KEVIN MOORE, | ) | |
| | ) | |
| Appellant. | ) | (AGGRAVATED RAPE) |

FOR THE APPELLANT:

**DAVID NEAL BRADY**
District Public Defender

**H. MARSHALL JUDD**
Assistant Public Defender
215 Reagan Street
Cookeville, TN 38501

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**RUTH THOMPSON**
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN 37243

**WILLIAM EDWARD GIBSON**
District Attorney General

**BENJIMAN W. FANN**
Assistant District Attorney General

**LILLIE ANN SELLS**
Assistant District Attorney General
145 South Jefferson Avenue
Cookeville, TN 38501-3424

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant appeals as of right from the trial court's imposition of a twenty-five (25) year, Range I sentence for his conviction of aggravated rape, following a guilty plea in the Putnam County Criminal Court. In this appeal, the Defendant argues that: (1) The trial court erred by not requiring the State to file a written notice of the enhancement factors it planned to use against the Defendant prior to the sentencing hearing; (2) the trial court erred in applying enhancement factors found in Tennessee Code Annotated section 40-35-114(6), (7), and (10); and (3) the trial court erred in not finding that the Defendant's lack of a criminal history was a mitigating factor. We affirm the judgment of the trial court.

The Defendant met the victim a few weeks before the incident. The victim's car stalled at a store and the Defendant, with his wife and children, took the victim and her children to her house. On June 7, 1994, the Defendant broke into the victim's house. The Defendant threatened to kill the victim with the knife that he had brought with him. He stated that if she screamed and woke her children, he would cut her throat. He then forced the victim to perform more than one sexual act. However, Defendant was indicted for only one count of aggravated rape, committed while armed with a weapon, which was the knife.

I.

The Defendant's first issue is that the trial court erred by not requiring the State to file, prior to the sentencing hearing, a written notice of the enhancement factors it intended to rely upon in requesting an enhanced sentence within Range I. The Defendant cites Tennessee Code Annotated section 40-35-202 in support of his argument. The relevant portions of Tennessee Code Annotated section 40-35-202 read:

> (a) If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, he shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea . . . ."
> (b) In all cases following a finding of guilt, the court may require that:
> (1) The district attorney general file a statement with the court setting forth any enhancement or mitigating factors he believes should be considered by the court;"

Tenn. Code Ann. § 40-35-202(a) & (b) (emphasis added).

The Defendant was sentenced as a Range I Standard Offender. The statute requires a statement of enhanced punishment only if the defendant is going to be sentenced as a multiple offender, persistent offender or a career offender. The Defendant clearly was not being sentenced as one of these classifications and therefore, this portion of the statute does not apply. Tennessee Code Annotated section 40-35-202(b) goes on to state that a trial court may require the State to file a statement of the enhancing factors it intends to rely on. The term "may" implies that such a statement is not a mandatory requirement.

In State v. Adams, 788 S.W.2d 557 (Tenn. 1990), our supreme court stated that Tennessee Code Annotated section 40-35-202(a), "is to provide fair

notice to an accused that he is exposed to other than standard sentencing." Adams, 788 S.W.2d at 559. The court also stated that the statement of applicable enhancement or mitigating factors mentioned in Tennessee Code Annotated section 40-35-202(b), "may be required at the trial court's discretion after conviction." Adams, 788 S.W.2d at 558. It is clear that the trial court did not err in not requiring the State to file a statement of enhancement factors.

This issue is without merit.

II.

The Defendant also argues that the trial court erred in applying the three enhancement factors found in Tennessee Code Annotated section 40-35-114(6), (7), and (10).

The State concedes on appeal that enhancement factor (6), that the personal injuries inflicted upon the victim was particularly great, does not apply, and we agree.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a <u>de novo</u> review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; <u>see</u> <u>State v. Smith</u>, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principals set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

We first address enhancement factor (7), that the offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement. Tenn. Code Ann. § 40-35-114(7). It has been held that this enhancement factor can be applied to a defendant who commits rape because it is not inherent in the offense. <u>State v. Adams</u>, 864 S.W.2d 31, 35 (Tenn. 1993). It was also held in <u>Adams</u> that the State has the burden in rape cases to prove that the rape was sexually motivated. <u>Adams</u>, 864 S.W.2d at 35. However, in <u>State v. Kissinger</u>, 922 S.W.2d 482 (Tenn. 1996), our supreme court again addressed the application of enhancement factor (7) to rape cases. <u>Kissinger</u> stated:

The focus of factor (7) is on defendant's motive for the commission of the offense. The motive need not be singular for the factor to apply, so long as defendant is motivated by defendant's desire for pleasure or excitement. Thus, factor (7) could be used to enhance a defendant's sentence who raped an ex-lover out of spite and hatred **and** for the purpose of satisfying sexual urges. Clearly, the state need not prove a singular motive for the offense to rely on factor (7) in the appropriate case.

Kissinger, 922 S.W.2d at 490 (emphasis in original).

We note that a transcript of the guilty plea hearing was not included in the record on appeal. From a review of the sentencing hearing transcript, it is obvious that the trial court, in sentencing the Defendant, relied upon proof it had heard at the guilty plea hearing. Much of this was discussed by the lawyers. Pertinent facts argued by the State at the sentencing hearing by reference to facts which were proven at the guilty plea hearing, were unchallenged by the Defendant. It is the duty of the party who seeks appellate review to prepare a record which conveys a fair, accurate, and complete account of what transpired with respect to the issues forming the basis of the appeal. State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). When there is less than an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). In the case sub judice, the record on appeal contains no evidence, as that term is normally defined, regarding sentencing factors, other than the pre-sentence report. The transcript reflects statements of counsel as to proof brought out during the guilty plea hearing. We will address the issues raised by Defendant, but with a presumption that the proof heard by the trial court at the guilty plea hearing is as was reflected in the statements of counsel and the court at the sentencing hearing.

In the case sub judice, the trial court was aware of the victim's statement read by a police officer at the guilty plea hearing. The victim's statement related that the Defendant told the victim, while she was performing oral sex on him, that "she'd better satisfy him or that he would slit her throat." The record also reflects that on the night of the offense, the Defendant entered the victim's house by coming through a window while armed with a knife. The victim was asleep. He performed three separate acts of sexual penetration. During the course of the aggravated rape, the Defendant held a knife to the victim's neck and breast, and threatened to cut off her breast if she did not cooperate. He also told the victim that he was aware she had two little girls, that he knew they were in the home, and if she screamed and woke them up, he would cut her throat.

In Manning v. State, 883 S.W.2d 635 (Tenn. Crim. App. 1994), this court held that where the Defendant made the statement, "do it like you do it to your man," and fondled and kissed the victim's breasts, factor (7) applied. Manning, 883 S.W.2d at 640. We find that the case sub judice is similar and the statement by Defendant that "she'd better satisfy him" meets the State's burden of proof establishing that the Defendant committed the offense, at least in part, to gratify his desire for pleasure or excitement.

Regarding application of factor (10), that the Defendant had no hesitation about committing a crime when the risk to human life was high, we note that this court has previously held that our aggravated rape statute as used in Defendant's case only requires that the defendant be "armed" with the weapon. Neither the statute nor the indictment in Defendant's case required that the weapon be actually employed in the commission of the aggravated rape. Manning, 883

S.W.2d at 640 (Tenn. Crim. App. 1994). In Manning, the defendant pressed a knife into the victim's side throughout the commission of aggravated rape and aggravated kidnapping. Our court held that application of factor (10) was proper as the use of the weapon in that case involved a greater risk of harm than that required by the standards of the aggravated offenses. Id. See also State v. Richard J. Crossman, No. 01C01-9311-CR-00394, Wilson County (Tenn. Crim. App., Nashville, filed October 6, 1994), perm. to appeal denied, (Tenn. 1995).

As stated above, in situations where a defendant is charged as Defendant was in this case, the aggravated rape statute only requires that the defendant be "armed with a weapon." Tenn. Code Ann. § 39-13-502(a)(1) (Supp. 1996). The use and employment of the weapon by Defendant in this case demonstrates a culpability "distinct from and appreciably greater than that incident to the offense for which he was convicted." See State v. Jones, 883 S.W.2d 597, 603 (Tenn. 1994). Therefore, use of enhancement factor (10) was proper.

We note the State argues that factor (10) applies because the victim's children were present in the house during the commission of the crime. In State v. Makoka, 885 S.W.2d 366 (Tenn. Crim. App. 1994), this court stated that enhancing factor (10) could be used, even though it was inherent in the offense, when other people were present and were in danger. Makoka, 855 S.W.2d at 373. In Makoka, the defendant was firing a gun in front of a police station when there was a shift change. Therefore, there were many others present who could have been injured or killed by the gun.

In State v. Hill, 885 S.W.2d 357 (Tenn. Crim. App. 1994), the defendant was convicted of aggravated assault for an incident where he attacked the victim with a straight razor. There was a large crowd gathered in the vicinity of the defendant and the victim. This court stated that factor (10) did not apply because, "Hill's wrath and vindictiveness was directed solely at Johnson [the victim]. The record is devoid of any evidence that individuals in close proximity were in danger of being injured." Hill, 885 S.W.2d at 363.

The same can be said for the case sub judice. While the victim's children were present in the house, they were not in the room where the incident occurred. There is no evidence that the children were in imminent danger from the Defendant.

Enhancement factors (7) and (10) were correctly applied when the trial court was determining the Defendant's sentence. Enhancement factor (6) does not apply in this case.

III.

The Defendant's final argument is that the trial court erred in not considering the Defendant's lack of a criminal record as a mitigating factor under Tennessee Code Annotated section 40-35-113(13). It has been held that the lack of a criminal record can be a mitigating factor. State v. Dykes, 803 S.W.2d 250, 258 (Tenn. Crim. App. 1990). However, we conclude that it was appropriate for the trial court to refuse to apply this as a mitigating factor. The Defendant was convicted of public intoxication in 1993. While in the Navy, he was accused of

molesting his child which lead to a suicide attempt and counseling. The Defendant was discharged from the Navy on a less than honorable discharge, but claims he was never court martialed. The Defendant may not have a criminal record, but it is clear that he has a criminal history. We find that the trial court was correct in not applying this mitigating factor. See State v. Anthony Angelo Scales, No. 01C01-9310-CR-00353, Davidson County (Tenn. Crim. App., Nashville, filed July 28, 1994) perm. to appeal denied, (Tenn. 1994).

The Defendant pled guilty to the offense of aggravated rape. As a Range I offender the sentencing range for this crime is fifteen (15) to twenty-five (25) years. The trial court sentenced the Defendant to twenty-five (25) years. We have found that one of the three enhancement factors applied by the trial court does not apply. Therefore, there are two enhancement factors and no mitigating factors. We find that the trial court's sentence of twenty-five years (25) is supported by the two enhancement factors.

The sentence imposed by the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
JOE G. RILEY, Judge