# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### NOVEMBER SESSION, 1997

FILED

February 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

|  |  |  |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 02C01-9706-CC-00228 |
| | ) | |
| Appellee | ) | |
| | ) | GIBSON COUNTY |
| vs. | ) | |
| | ) | Hon. Dick Jerman, Jr., Judge |
| EDWARD EARL HUDDLESTON, | ) | |
| | ) | (Rape of a Child) |
| Appellant | ) | |

For the Appellant:

**C. Michael Robbins**
3074 East Street
Memphis, TN 38128

(ON APPEAL)


**Tom W. Crider**
District Public Defender
107 South Court Square
Trenton, TN 38382

(AT TRIAL)

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Elizabeth T. Ryan**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493


**Clayburn Peeples, Jr.**
District Attorney General
110 South College Street
Suite 200
Trenton, TN 38382


OPINION FILED: _____

AFFIRMED


**David G. Hayes**
Judge

## O P I N I O N

The appellant, Edward Earl Huddleston, appeals his jury conviction for rape of a child, a class A felony. The trial court sentenced the appellant to the presumptive sentence of twenty years in the Tennessee Department of Correction. On appeal, the appellant first contends that the trial court erred in finding the eight year old victim competent to testify against him. Second, he asserts that the trial court erred when it failed to find as a mitigating factor that the appellant neither caused nor threatened to cause the victim serious bodily injury.

After review, we affirm the judgment of the trial court.

## BACKGROUND

At trial, the State's evidence established that, at about nine o'clock on the evening of August 21, 1995, the appellant went to the victim, TC's, home and asked her mother if she could play with his daughter.[1] The victim's mother agreed but asked the appellant to bring her home at a reasonable hour. According to the victim's testimony, the appellant then drove the victim and his daughter to a store and bought them chips and candy. Afterwards, the appellant took the girls to his home where they played together for a short time. TC then got in the car with the appellant to go home. The two drove past her house and parked behind the former home of the appellant's mother. While in the car, the appellant first said, "Don't tell nobody." He then pulled down the victim's shorts and panties and inserted his finger into her vagina. TC told the appellant that he was hurting her. Sometime thereafter,

---

[1] As a matter of policy, this court does not name minors who are victims of sexual abuse. See State v. Schimpf, 782 S.W.2d 186, 188 n.1 (Tenn. Crim. App. 1989). The record reflects that the victim was seven years old at the time of the instant offense.

the appellant stopped the digital penetration. The victim then pulled up her shorts and panties. The appellant gave her thirty dollars and told her again not to tell anyone about what had occurred. He then took the victim home. When she arrived at her house around eleven that night, her mother noticed that she was walking "gap-legged" and had money in her hand. She then examined her daughter and found blood in her panties and on her genitalia. At first, the victim claimed that the appellant had given her the money for being "nice" to him, but then explained that the appellant had "messed with her." The victim's mother called the police. Patrolman Ronnie Pearson of the Humboldt Police Department responded to the call. After speaking with the victim and her mother, he sent the two of them to Humboldt General Hospital. When TC and her mother arrived at the emergency room of Humboldt General, the nurse on duty found a small amount of blood on the outside of the victim's shorts and in her panties. She also found blood on her external genitalia and noted some redness to the area. Dr. Robert Stevenson, the doctor on call at the emergency room that night, examined the victim. He found that her hymen had been torn and that such a tear could occur from digital penetration of the vagina. After sending TC and her mother to the emergency room, Patrolman Pearson went to the appellant's home where he found him drinking beer and watching television. The appellant denied any wrongdoing and claimed that he'd given the victim money to buy some new clothes. Later, when Detective Dennis Wright questioned the appellant, the appellant denied giving any money at all to the victim. The defense put on no proof. After a deliberation of fifteen minutes, the jury returned a verdict of guilty for the crime of rape of a child. At the sentencing hearing, the trial court found no mitigating or enhancing factors applicable to the present case and sentenced the appellant to twenty years incarceration in the Department of Correction.

**ANALYSIS**

In the appellant's first issue, he contends that the trial court incorrectly found the victim competent to testify at trial. Rule 601 of the Tennessee Rules of Evidence provides that "[e]very person is presumed competent to be a witness" unless a rule or statute provides otherwise. The question of whether a child victim is competent to testify rests within the sound discretion of the trial court. Such a finding will not be overturned absent evidence in the record of abuse of that discretion. See State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993); State v. Caughron, 855 S.W.2d 526, 538 (Tenn.), cert. denied, 510 U.S. 979, 114 S.Ct. 475 (1993); State v. Howard, 926 S.W.2d 579 (Tenn. Crim. App. 1996).

The purpose of determining competency of the witness in child sexual abuse cases is to allow a victim to testify if it can be determined that the child understands the necessity of telling the truth while on the witness stand. Ballard, 855 S.W.2d at 560. Prior to trial, the appellant filed a Motion in Limine requesting the court to determine whether the eight-year-old victim, TC, was competent to testify. The assistant district attorney, defense counsel, and the trial court asked TC questions concerning the difference between the truth and a lie and the consequences of telling a lie. TC stated that it was right to tell the truth, wrong to lie, and if she lied she would be sent to her room. At the conclusion of the motion hearing, the trial court specifically found the victim competent to testify. The record supports this finding. This issue is without merit.

The appellant also contends that the trial court imposed an excessive sentence for his conviction. Review, by this court, of the length, range, or manner of service of a sentence is *de novo* with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1990). This presumption only applies, however, if the record demonstrates that the trial court properly

4

considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In making our review, this court must consider the evidence heard at trial and at sentencing, the presentence report, the arguments of counsel, the nature and characteristics of the offense, any mitigating and enhancement factors, the appellant's statements, and the appellant's potential for rehabilitation. Tenn. Code Ann. §§ 40-35-102 (1995 Supp.); 40-35-103(5) (1990); 40-35-210(b) (1995 Supp.); see also State v. Byrd, 861 S.W.2d 377, 379 (Tenn. Crim. App. 1993) (citing Ashby, 923 S.W.2d at 168). The burden is on the appellant to show that the sentence imposed was improper. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

At the sentencing hearing, the trial court rejected application of mitigating factor (1), the defendant's criminal conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1) (1990). Accordingly, the appellant contends that, because of the erroneous rejection of this mitigating factor, his sentence should be reduced from the presumptive sentence of twenty years incarceration.

We are compelled to note that every rape is physically and mentally injurious to the victim. See State v. Kissinger, 922 S.W.2d 482, 487 (Tenn. 1996). It is difficult to conceive of any factual situation where the rape of a child would not threaten serious bodily injury. Notwithstanding this fact, serious bodily injury as defined by the statute includes an injury that involves "extreme physical pain." Tenn. Code Ann. § 39-11-106 (33)(C) (1995 Supp.). The young victim testified that the appellant hurt her. The doctor at the emergency room testified that her hymen was torn and observed blood on her external genitalia. We have held that injuries similar to the victim's in this case constitute serious bodily injury for the purposes of the statute. See State v. Dison, No. 03C01-9602-CC-00051(Tenn. Crim. App. at Knoxville, Mar. 14, 1997), perm. to appeal denied, (Tenn. 1997). Moreover, we

have held that serious bodily injury also includes a mental element. <u>Id.</u> Clearly, the fact that the victim was raped at age seven necessarily includes mental anguish and suffering. The record supports the trial court's decision that the mitigating factor is inapplicable in this case. This issue is without merit.

In view of our determination that mitigating factor (1) is inapplicable, we find no error in the trial court's imposition of the presumptive sentence of twenty years.

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
GARY R. WADE, Judge

_____
JOE G. RILEY, Judge

6