# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER 1998 SESSION



FILED

November 12, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| | ) C.C.A. No. 02C01-9711-CR-00430 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable James C. Beasley Jr., Judge |
| | ) |
| BARTON L. HAWKINS, | ) (Rape) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

A C Wharton
Shelby County Public Defender

Tony N. Brayton
Assistant Public Defender
201 Poplar Avenue, Suite 201
Memphis, TN 38013

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Douglas D. Himes
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

Karen Cook
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38013

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Barton L. Hawkins, was convicted of rape by a jury verdict in the Shelby County Criminal Court. He was sentenced to confinement in the Tennessee Department of Correction for eight years and one day as a Range I violent offender. He appeals as of right, challenging both the conviction and sentence. The appellant argues 1) that the evidence at trial was insufficient to support a rational finding of guilt beyond a reasonable doubt and, 2) that the trial court erred in its application of certain enhancement factors and in failing to consider alternative sentencing. We affirm the judgment of the trial court.

We begin with a brief review of the evidence. The victim testified that she was driving home when an unidentified man flagged her down to help the appellant, whose truck had broken down. The problem was apparently a defective battery. After a failed attempt to jump-start the truck, the victim agreed to drive the appellant to his home where he said he could get another battery. The victim stated that upon reaching the appellant's home, the appellant tried to kiss her. She resisted and a struggle ensued, ending with the appellant dragging her "kicking and screaming" into his house. Neighbors of the appellant corroborated that they had heard a woman's screams coming from the appellant's home on the night of the rape.

The victim testified that, once inside his home, the appellant held up a bandanna and ordered her to sit. The victim asked to use the restroom, and the appellant permitted her but entered the restroom with her to watch. He then ordered her to undress and took her to another room where he vaginally raped her. He also demanded oral sex, and the victim complied. In response to the defense's question why she did not fight or struggle during the rape, the victim stated that she was afraid the appellant would kill her. She stated that she did not consent.

Immediately after the rape, the appellant hugged the victim and told her he was sorry. He then drove the victim, in her vehicle, to a gas station where he stopped and went inside, leaving the victim alone in the vehicle for approximately five to ten minutes. The appellant stated that he left the vehicle running with the keys in the ignition. There were other people around the station and the area was well lit. The victim did not attempt to escape or ask for help because, she said, she was afraid that the appellant would kill or hurt her. The appellant then drove the victim back to his truck, switched his battery for hers, and let her go.

After reporting the incident some two hours later, the victim was taken to the Memphis Sexual Assault Resource Center where she was examined. Margaret Aiken, the examining nurse, testified that she found scratches on the victim's upper left arm and left clavicle. She also found genital trauma of the posterior fourchette and an abrasion or scrape of that area. These injuries, Aiken testified, were consistent with forced penetration and are not ordinarily associated with consensual sex. When pressed, however, Aiken could not rule out the possibility that such injuries could result from consensual sex. Aiken's examination revealed no further injuries. The victim, however, testified that she had also sustained bruises on her leg, chest, and arms; and the state introduced photographs of these bruises that had been taken two days after the rape.

The appellant's version of the facts were that although he did attempt to have sex with the victim, it was consensual. He explained the scratches on the victim as the result of her becoming caught in his climbing rose bush. He explained her screams as the result of his dog frightening the victim.

The appellant first argues that the evidence at trial was insufficient to justify a rational trier of fact in convicting him of rape. When an appellant challenges the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any

rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). The appellee is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

The credibility of witnesses, the weight of their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the trier of fact. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Gentry, 881 S.W.2d 1, 3 (Tenn. Crim. App. 1993). A jury verdict for the state accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Moreover, guilty verdicts remove the presumption of innocence enjoyed by defendants at trial and replace it with a presumption of guilt. See State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Thus, an appellant challenging the sufficiency of the evidence carries the burden of illustrating to this Court why the evidence is insufficient to support the verdict. See State v. Freeman, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996).

The appellant has not carried this burden. The appellant is convicted under Tennessee Code Annotated § 39-13-503, which provides that rape is the "unlawful sexual penetration of a victim by the defendant or of the defendant by a victim accompanied by any of the following circumstances . . . [f]orce or coercion is used to accomplish the act." The appellant argues that there was no reliable physical evidence presented at trial, only the testimony of the victim. Even if this were entirely accurate, the victim's testimony, if believed by the jury, was clearly sufficient to convict the appellant of the charged offense.

The victim identified the appellant and unambiguously testified that he forcibly and without her consent sexually penetrated her. While the appellant attacks the credibility of the victim's testimony, credibility is a matter for the finder of fact, and we will not visit that issue here. The jury was competent to credit the victim's testimony and discredit that of the appellant. This issue is without merit.

The appellant next argues that his sentence is excessive and that the trial court erred in not considering him for alternative sentencing. The appellant was sentenced to confinement for eight years and one day at 100% as a Range I violent offender. Rape is a class B felony, carrying a Range I sentence of eight to twelve years. See Tenn. Code Ann. §§ 39-13-503, 40-35-112. The presumptive sentence for a class B felony is the minimum sentence in the range, absent enhancement or mitigating factors. See Tenn. Code Ann. § 40-35-210(c).

Pursuant to the provisions of the Sentencing Reform Act of 1989, the trial court found applicable the following four enhancement factors, herein referred to by their statutory numerical designation:

> (1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
> (7) The offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement;
> (15) The defendant abused a position of public or private trust, or used a special skill in a manner that significantly facilitated the commission or the fulfillment of the offense;
> (16) The crime was committed under circumstances under which the potential for bodily injury to a victim was great.

Tenn. Code Ann. § 40-35-114(1), (7), (15), (16). The court found two mitigating factors:

> (1) The defendant's criminal conduct neither caused nor threatened serious bodily injury;
> (11) The defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct.

Tenn. Code Ann. § 40-35-113(1), (11). In accordance with these findings, the court enhanced the appellant's sentence from eight years to eight years and one day.

Based on his prior conviction for petty larceny, the appellant concedes the applicability of enhancement factor (1)–that the appellant has a previous history of criminal convictions in addition to those necessary to establish the appropriate range. See Tenn. Code Ann. § 40-35-114(1). He challenges, however, the trial court's application of enhancement factors (7), (15), and (16) and further argues that an additional mitigating factor–that the appellant exhibited remorse by apologizing to the victim immediately after the rape–should have applied. For the reasons stated below, we believe that the trial court misapplied enhancement factor (15) as well as both mitigating factors. Upon weighing the remaining factors, however, we believe that some enhancement of the appellant's sentence is proper.

When an accused challenges the length or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this Court must consider 1) the evidence, if any, received at the trial and the sentencing hearing; 2) the presentence report; 3) the principles of sentencing and arguments as to sentencing alternatives; 4) the nature and characteristics of the criminal conduct involved; 5) any statutory mitigating or enhancement factors; 6) any statement made by the accused in his own behalf; and 7) the potential or lack or potential

for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). The appellant carries the burden of showing that his sentence is improper. See Tenn. Code Ann. § 40-35-401(d) Sentencing Comm'n Cmts; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996).

The appellant argues that the state has failed to prove the applicability of enhancement factor (7)–that the offense involved a victim and was committed for pleasure or excitement. See Tenn. Code Ann. § 40-35-114(7). It is well established that facts constituting an essential element of the offense for which the defendant is convicted cannot be used to enhance the defendant's sentence. See State v. Kissinger, 922 S.W.2d 482, 489-90 (Tenn. 1996). Although "[p]leasure or excitement is not an essential element of the offense of rape and, therefore may be considered as an appropriate enhancement, . . . the State has the burden of proving that the rape was sexually motivated." State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993)(citations omitted). The appellant argues that the state has not carried this burden and that the facts do not support application of this factor in the present case.

A trial court is required to include in the record the factual bases for its application of enhancement or mitigating factors. See Tenn. Code Ann. § 40-35-210(f). In the present case, the court based its finding that the appellant committed the rape for pleasure or sexual gratification on the appellant's desire to watch while the victim used the restroom and while she undressed. Although these facts are not overwhelming, they do reasonably support the conclusion that the appellant acted out of desire for pleasure or excitement. We, therefore, find no error in the imposition of this enhancement.

The trial judge also found applicable enhancement factor (16)–that the crime was committed under circumstances involving great potential for bodily

injury to a victim.  See Tenn. Code Ann. § 40-35-114(16).  "Bodily injury" is defined as including "a cut, abrasion, bruise, burn or disfigurement; physical pain or temporary illness or impairment of the function of a bodily member, organ, or mental faculty."  Tenn. Code Ann. § 39-11-106(2).  Great potential for bodily injury is not an essential element of the offense of rape.  See Tenn. Code Ann. § 39-13-503.  Cf. State v. Smith, 891 S.W.2d 922, 930 (Tenn. Crim. App. 1994) (noting that the enhancement for potential bodily injury should not apply absent extraordinary circumstances in sentencing for *aggravated rape*, as that offense already reflects statutory enhancement).  The record reflects that the appellant struggled with the victim in her car, knocked her glasses off, and physically dragged her from her vehicle to his house.  These facts manifest force exceeding that necessary to commit the crime of rape as statutorily defined.  While this force may or may not have threatened *great bodily injury*, it clearly presented *great potential* for bodily injury.  We therefore find no error in the application of this enhancement factor.

Finally, the trial court applied enhancement factor (15)–that the appellant abused a position of public or private trust.  See Tenn. Code Ann. § 40-35-114(15).  The application of this factor requires a finding, first, that the appellant occupied a position of trust vis-a-vis the victim and, second, that the appellant abused that position in a manner that significantly facilitated the commission of the offense.  See State v. Kissinger, 922 S.W.2d 482, 488 (Tenn. 1996).  Thus, we must first examine whether the appellant formally or informally stood in a relationship to the victim that promoted confidence, reliability, or faith.  See id.  The trial court found such a relationship, reasoning that the victim put herself in the position to render aid based upon a reliance or trust evoked by the appellant's appearance of need.  While we might like to protect and encourage the acts of good Samaritans, we think this application is broader than the drafter of the statute intended.

Without so holding, we might agree that a good Samaritan evokes the trust and confidence of one he or she undertakes to aid, as the aided person would typically become, to some degree, reliant upon the good Samaritan. But, it is difficult to see how the reverse is true. That is, even if a good Samaritan creates a position of trust when he or she assumes the welfare of another, we do not see how the aided person promotes a like reliance. Whether one occupies a position of trust is ultimately a fact-specific inquiry. We simply find no facts supporting the conclusion that the appellant occupied such a position as to the victim. We therefore find that the trial court erred in imposing this enhancement.

As to mitigating factors, the trial court first found that the appellant's criminal conduct neither caused nor threatened serious bodily injury.[1] See Tenn. Code Ann. § 40-35-113(1). The only basis offered by the trial court for the application of this factor was that the victim did not in fact sustain serious bodily harm. Because this finding ignores the threat of such harm, we find it insufficient for application of the statutory factor.

"Serious bodily injury" is defined to include substantial mental impairment. See Tenn. Code Ann. § 39-11-106(34). This Court has recognized that the psychological injuries suffered by rape victims may rise to the level necessary to enhance a sentence for particularly great personal injury. See Williams, 920 S.W.2d at 259; Tenn. Code Ann. § 40-35-114(6). It follows that, whether actualized or not, the threat of serious bodily harm is inherent in the offense of rape. Therefore, we find that the appellant's conduct did threaten serious bodily harm; and the trial court erred in its application of this mitigating factor.

---

[1]The trial court acknowledged that application of this factor seems inconsistent with its earlier finding that the sentence should be enhanced based on a great potential for bodily injury and, therefore, accorded little weight to either factor. We do not agree that the two are necessarily inconsistent, as one could logically create a great potential for *lesser* degrees of bodily injury without threatening *serious* bodily injury.

The trial court also found that the appellant committed his offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct. See Tenn. Code Ann. § 40-35-113(11). The trial court noted that the appellant has committed no other substantial criminal violations within the last fifteen or more years, he has no history of sexual misconduct, and there is nothing in the record to suggest a propensity to commit similar offenses in the future. Although these findings may be somewhat salutary, they do not speak to whether the appellant had a sustained intent to violate the law or to any unusual circumstance of his crime. Whether the appellant intended from the outset to rape the victim we cannot know. We do know that he attacked the victim in her vehicle; dragged her into his house; escorted her to the restroom and stayed to watch; made her disrobe; and vaginally and orally raped her. We know that this sequence of events took at least thirty minutes, during which he had several opportunities to pause and reflect on what he was doing. And, we know that there were no unusual circumstances that might explain, if not excuse, his conduct. Given these facts, we cannot agree that the appellant lacked a sustained intent to violate the law.

The appellant argues that the trial court erred in not mitigating his sentence based on his apology to the victim immediately following the rape. This, he argues, demonstrated his remorse before detection by the authorities. That he said he was "sorry" is not a consideration for which this Court is prepared to mitigate the appellant's sentence.

Finally, the appellant argues that the trial court erred in failing to consider alternative sentencing. The appellant is not eligible for alternative sentencing. See Tenn. Code Ann. §§ 40-35-303; 40-36-106. This issue is without merit.

In sum, we find that the trial court properly enhanced the appellant's sentence on the basis of factors (1), (7) and (16). We find that enhancement

factor (15) and both of the mitigating factors were applied in error. We note that the trial court judge gave little weight to any of the factors we now find inapplicable. While the remaining factors warrant some enhancement of the appellant's sentence, we agree with the trial judge that they do not mandate a significant upward departure. The trial court enhanced the appellant's sentence by one day, and we think that is an appropriate sentence.

The judgment below is affirmed.


_____
PAUL G. SUMMERS, Judge


CONCUR:



_____
DAVID H. WELLES, Judge



_____
JOE G. RILEY, Judge