IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 18, 2001

## STATE OF TENNESSEE v. GRAYLIN BURTON

**Appeal from the Criminal Court for Davidson County**
**No. 97-A-51     Cheryl Blackburn, Judge**

_____

**No. M1999-01997-CCA-R3-PC - Filed February 16, 2001**

_____

The Defendant pleaded guilty to rape. After a hearing, he was sentenced as a Range I, standard offender to eleven years and six months in confinement. The Defendant appealed and asks this Court to shorten his sentence. He contends that the trial court misapplied an enhancement factor and failed to apply at least two mitigating factors. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

C. LeAnn Smith, Nashville, Tennessee, for the appellant, Graylin Burton.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Smith, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Nick Bailey, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant, Graylin Burton, was indicted for one count of attempted rape, one count of aggravated sexual battery, and one count of rape of a child. He pleaded guilty to a single count of rape; the remaining charges were dismissed. The Defendant's guilty plea contained no agreement as to the length of his sentence or the manner in which he would serve it; accordingly, a sentencing hearing was held. At the conclusion of the hearing, the court sentenced the Defendant to eleven years and six months incarceration. The Defendant now appeals, complaining that the length of his sentence is excessive. We respectfully disagree and affirm the trial court's judgment.

Rape is a Class B felony. See Tenn. Code Ann. § 39-13-503(b). The Defendant was sentenced as a Range I offender. Accordingly, the statutory range for his sentence is eight to twelve years. See id. § 40-35-112(a)(2). The presumptive sentence for a Class B felony is the minimum sentence in the range if there are no enhancement or mitigating factors. Id. § 40-35-210(c). If there

are enhancement and mitigating factors, the court must start at the minimum sentence in the range, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence as appropriate for the mitigating factors. Id. § 40-35-210(e). The weight afforded an enhancement or mitigating factor is left to the discretion of the trial judge so long as he or she complies with the purposes and principles of the 1989 Sentencing Act and his or her findings are supported by the record. See State v. Turner, 30 S.W.3d 355, 361 (Tenn. Crim. App. 2000).

In setting the Defendant's sentence at eleven and one-half years, the trial court applied three enhancement factors:

> The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
>
> The offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement; and
>
> The defendant abused a position of public or private trust, or used a special skill in a manner that significantly facilitated the commission or the fulfillment of the offense.

See Tenn. Code Ann. § 40-35-114(1), (7) & (15). The court gave "great weight" to the second and third of these factors, "particularly" the third one. The court also applied as mitigating factors that the Defendant received counseling, cooperated with the police, and had family support. See id. § 40-35-113(13). The court found that these mitigating factors did not weigh "very heavily." The Defendant now contends that the trial court erred in finding that he committed the rape to satisfy his desire for excitement or gratification. He also contends that the trial court should have found as additional mitigating factors that he had been "suffering from a mental or physical condition that significantly reduced [his] culpability for the offense," and that he was remorseful. See id. § 40-35-113(8), (13). In light of these alleged errors, the Defendant asks this Court to reduce the length of his sentence. Upon our review of the record and relevant legal authority, we affirm the judgment of the trial court.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The defendant bears the burden of demonstrating that his or her sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the

criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988); Tenn. Code Ann. §§ 40-35-103, -210.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The proof introduced at the sentencing hearing established that the Defendant's conviction arose out of an episode in 1995 with his twelve-year-old daughter. The Defendant was lying in bed watching a movie. His daughter came in the room and wanted to watch the movie too. The Defendant told her to leave, but she remained in the room. She got into bed with the Defendant. According to the Defendant's statement to the police, he "kept pushing her away and [they] rolled around and kept pushing on each other." The Defendant then "grabbed her and . . . took [his] hand and started massaging her" in her vaginal area. He testified that he pulled his daughter's panties down and penetrated her with his finger. He had his penis out of his clothes. He rubbed his penis on his daughter's body and ejaculated.

The Defendant contends that this proof is not sufficient to enhance his sentence on the grounds that he committed the rape to gratify his desire for pleasure or excitement. We disagree. This enhancement factor may be applied so long as the State proves that at least one of the Defendant's motives in committing the offense was to gratify his desire "for any pleasure or any excitement." State v. Kissinger, 922 S.W.2d 482, 490 (Tenn. 1996). "[A] sexually motivated rape is committed to gratify a desire for pleasure or excitement." Id. at 489 (citing State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993)). The Defendant's orgasm, while not in and of itself sufficient to prove the Defendant's motive, is one circumstance which the court may consider in deciding whether this factor is applicable. Id. at 490-91. Here, the proof established that the Defendant became sexually aroused as he wrestled with his daughter in bed. In furtherance of his state of arousal, he fondled her vaginal area, digitally penetrated her, exposed his penis, and rubbed himself on her until he achieved sexual climax. This proof is sufficient to support a finding that the Defendant raped his daughter to gratify his desire for sexual pleasure or excitement. This issue is without merit.

The Defendant next contends that the trial court should have found as an additional mitigating factor that he suffered from a mental or physical condition that significantly reduced his culpability for the rape. See Tenn. Code Ann. § 40-35-113(8). Dr. Terry Lain, a psychiatrist who performed a psychiatric evaluation on the Defendant after the rape was committed, testified that she diagnosed the Defendant with "adjustment disorder with anxiety and depressed mood." There was no testimony or other proof, however, as to how this condition affected the Defendant's culpability

for the offense. Indeed, defense counsel did not suggest the applicability of this mitigating factor to the trial court at the sentencing hearing. Rather, the proof was offered in support of the Defendant's argument that he should serve his sentence through some alternative to incarceration. Given the lack of proof establishing any causal connection between the Defendant's mental condition and his culpability for the rape, we find that the trial court committed no error in failing to apply this factor in mitigation. See, e.g., State v. Charles Chesteen, No. E1999-00910-CCA-R3-CD, 2000 WL 739458, at *8 (Tenn. Crim. App., Knoxville, June 8, 2000) (finding that mitigation on basis of stress, anxiety, depression and consumption of Prozac was not appropriate, in part because defendant failed to establish a cause and effect relationship between his psychiatric maladies and medication and how they rendered him less culpable). This issue is without merit.

Finally, the Defendant contends that the trial court should have mitigated his sentence further on the grounds that he was remorseful and that he desired to continue treatment for his illness or disorder. We agree with the Defendant that genuine remorse is an appropriate factor to consider in mitigation. See, e.g., State v. Williamson, 919 S.W.2d 69, 83 (Tenn. Crim. App. 1995) (citing State v. Buttrey, 756 S.W.2d 718, 722 (Tenn. Crim. App. 1988)). However, a defendant's protestations of remorse must be found credible to be entitled to any weight in mitigation. A trial court is in a much better position than this Court to make determinations of a defendant's credibility and remorsefulness. Here, the only proof of the Defendant's feelings of remorse were his own statements. Cf. Charles Chesteen, 2000 WL 739458, at *8 (defendant's remorse entitled to moderate mitigating weight where proven by the defendant and other witnesses, including letters written by the defendant's acquaintances). Although the trial judge in this case made no specific findings with respect to the Defendant's credibility or remorsefulness, she obviously determined that this factor was entitled to no weight. We see no abuse of discretion in this determination and therefore find no error in the Defendant's sentence on this basis.

Similarly, we agree with the Defendant that a willingness to continue treatment is worthy of some consideration as a mitigating circumstance. However, the record reveals that the Defendant's initial treatment program was terminated due to his non-compliance. The trial court therefore committed no abuse of discretion in refusing to mitigate the Defendant's sentence on the basis of his professed eagerness to resume treatment.

In this case, the trial court complied with the purposes and principles of the 1989 Sentencing Act, and the weight accorded the applicable mitigating and enhancement factors is therefore left to the trial court's discretion so long as the court's findings are supported by the record. Turner, 30 S.W.3d at 361. Here, the trial judge's findings are supported by the record, and we find no abuse of discretion where she increased the Defendant's sentence to the maximum based on three enhancement factors and then reduced it by six months based on several mitigating circumstances.

The Defendant's contention that his sentence is excessive is without merit, and the judgment of the trial court is therefore affirmed.

-4-

_____
DAVID H. WELLES, JUDGE