STATE of Tennessee, Appellee,

v.

Michael R. KISSINGER, Appellant.

STATE of Tennessee, Appellee,

v.

Guy Phelan ROBERSON, Appellant.

Supreme Court of Tennessee,
at Jackson.

April 29, 1996.

Marti L. Kaufman, Memphis, for Appellant
Kissinger.

Charles W. Burson, Attorney General & Reporter, Nashville, Amy L. Tarkington, Assistant Attorney General, Nashville, John W. Pierotti, District Attorney General, Memphis, Chris Craft, Assistant District Attorney General, Memphis, for Appellee.

Richard W. DeBerry, Assistant District Public Defender, Camden, for Appellant Roberson.

Charles W. Burson, Attorney General & Reporter, Nashville, Amy L. Tarkington, Assistant Attorney General, Nashville, G. Robert Radford, District Attorney General, Huntington, John W. Overton, Jr., Assistant District Attorney General, Savannah, for Appellee.

## OPINION

WHITE, Justice.

Michael R. Kissinger and Guy Phelan Roberson were each convicted of one count of aggravated sexual battery. Kissinger was also convicted of one count of aggravated rape. The victims of each of these crimes were children of less than thirteen years. In each case, the trial courts enhanced defendants' sentences beyond the minimum in the range based on a number of factors found in Tennessee Code Annotated Section 40–35–114. The Court of Criminal Appeals affirmed the convictions of both defendants. However, in the *Kissinger* case, a panel of the intermediate court held that enhancement factor (7), "the offense was committed to gratify the defendant's desire for pleasure or excitement," was an element of aggravated sexual battery and therefore, could not be used to enhance convictions for that offense. In *Roberson,* a different panel came to a contrary conclusion.

We granted review to resolve this apparent inconsistency and to consider the applica-

bility of various sentencing factors to convictions for offenses involving child victims.

## I.

We begin with a brief recitation of the facts.

### A. *State v. Kissinger*

In 1990, Michael Kissinger, a forty-year old man living with his parents, developed a friendly relationship with the mother of two young boys, J.J., who was nine years old at the time, and B.J., who was seven.[1] The relationship between Kissinger and the boys' mother was purely platonic.[2] Kissinger visited the woman in her home and became good friends with her two sons whom he took on a variety of outings, frequently with other neighborhood children. For about one month in the spring of 1991, the boys lived with Kissinger at his parents' home.

At trial, J.J. and B.J. testified that Kissinger had rubbed himself against their naked bodies until he ejaculated. J.J. also testified that Kissinger had orally and anally penetrated him. The jury found Kissinger guilty of the aggravated rape of J.J. and of the aggravated sexual battery of B.J. The trial judge applied five enhancement factors to each conviction:

(1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;[3]

(4) A victim of the offense was particularly vulnerable because of age or physical or mental disability ...;[4]

(7) The offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement;

(10) The defendant had no hesitation about committing a crime when the risk to human life was high;

1. Consistent with court policy, the victims will not be referred to by full name because they are minors.

2. Kissinger stated that he cared for the woman as he would care for a sister. The woman verified that the two had no sexual involvement.

3. Kissinger had a prior conviction for sexual battery. Another charge against Kissinger had

been dismissed when the victim moved out of state.

4. At the sentencing hearing, the trial court agreed that factor (4) was inapplicable to Kissinger's convictions. However, the written findings of the trial court indicate that factor (4) was considered by the judge.

(15) The defendant abused a position of ... private trust ...;

(16) The crime was committed under circumstances under which the potential for bodily injury to a victim was great. . . .

Tenn.Code Ann. § 40–35–114(1), (4), (7), (10), (15), (16) (1995 Supp.). The trial court imposed sentences of twenty-five years on Count 1 (aggravated rape), twelve years on Count 2 (aggravated sexual battery), and ordered that defendant serve the sentences consecutively.

The Court of Criminal Appeals affirmed Kissinger's convictions. In its review of the sentences imposed by the trial court, the intermediate court found that factor (10) was inapplicable to either conviction as there was no evidence in the record to support a finding that the offenses posed a high risk to human life. *Id.* at –114(10). The court also concluded that factor (7), although appropriately considered on the conviction for aggravated rape, was an element of aggravated sexual battery and could not be used to enhance a conviction for that offense. *Id.* at –114(7). The court affirmed the use of factors (1), (15), and (16).[5] Because four remaining enhancement factors applied to the aggravated rape conviction and three to the conviction for aggravated sexual battery, the court upheld the imposition of maximum sentences.

## B. *State v. Roberson*

Guy Phelan Roberson was originally convicted of the aggravated rape of an eight-year old girl and was sentenced to serve twenty-five years. The offense occurred at a home in which a number of adults resided, including the victim's parents and defendant's adult stepson. On one particular evening, Roberson, a visitor at the house, planned to spend the night because he lacked transportation home.

At some point during the evening, the victim and another child were alone in the living room sleeping together on a couch. The victim's parents had retired to another part of the house. The victim's cousin and the cousin's boyfriend had gone out briefly to purchase food. Roberson was in the yard talking to some men.

The victim testified that Roberson, who was then fifty-seven years old, entered the living room, covered her and the other child with a blanket, and then unzipped his pants and laid down on top of her. While on top of her, Roberson tried to pull down her pants and touched her in the area of her vagina attempting unsuccessfully to insert his finger. At that moment, the victim testified that the couple returned with the food and Roberson went to the other couch.

The victim immediately reported what had happened. Roberson fled but was later found hiding in the barn. At trial, Roberson was convicted of aggravated rape. On appeal, the Court of Criminal Appeals reduced the charge to aggravated sexual battery and remanded the case for resentencing.

At the second sentencing hearing, the trial court found five statutory enhancement factors:

(1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;[6]

(4) A victim ... was particularly vulnerable because of age or physical or mental disability ...;

(6) The personal injuries inflicted upon ... the victim was particularly great;

(7) The offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement;

(15) The defendant abused a position of ... private trust ...;

Tenn.Code Ann. § 40–35–114(1), (4), (6), (7), (15) (1995 Supp.).[7] Roberson was sentenced

---

5. Defendant did not challenge the use of factors (1) and (16). The Court of Criminal did not discuss the applicability of factor (4).

6. Roberson had a prior conviction for statutory rape (involving a teenage daughter) and another for possession of marijuana.

7. At the first sentencing hearing, the trial court found enhancement factors (1), (4), and (7).

to twelve years, the maximum possible for a Range I offender. The Court of Criminal Appeals upheld the sentence rejecting Roberson's argument that enhancement factor (7), that the offense was committed to gratify the defendant's desire for pleasure or excitement, was an essential element of aggravated sexual battery.

## II.

Combined, these cases involved the use of seven different factors to enhance defendants' sentences. Neither defendant questions the appropriateness of enhancement factor (1) pertaining to prior criminal history. Tenn.Code Ann. § 40–35–114(1) (1995 Supp.). Therefore, we decline to discuss this factor and affirm its use in both cases.

In the *Roberson* case, the state concedes that factors (4) and (6) were not properly applied. Further, the state does not disagree with the Court of Criminal Appeals' finding in *Kissinger* that factor (10) was not supported by sufficient evidence. Since, however, the Court of Criminal Appeals considered the use of those factors, we address them briefly in sections A and B below. Moreover, although Kissinger does not challenge the use of factor (16), that the crime was committed under circumstances under which the potential for bodily injury was great, we will consider that factor also since the state has raised the issue in conjunction with factor (10).

Both appellants challenge the use of factor (15). We discuss those issues in section C. Finally, both appellants raise important questions concerning the use of enhancement factor (7) in cases of aggravated rape and aggravated sexual battery as defined by Tennessee Code Annotated Section 39–13–504 and 502(a). Factor (7) is the subject of section D.

## A.

### Enhancement Factors (4) and (6)

#### 1. Factor (4)

As the state acknowledges, the Court of Criminal Appeals erred in applying enhancement factor (4) to enhance Roberson's sentence.[8] Factor (4) permits sentence enhancement upon a finding that a victim was particularly vulnerable because of age or physical or mental disability. Tenn.Code Ann. § 40–35–114(4) (1995 Supp.). In *State v. Adams,* 864 S.W.2d 31 (Tenn.1993), we held that although age is an element of the offense of aggravated rape involving a child under the age of thirteen, factor (4) may be used if "circumstances show that the victim, because of [the victim's] age or physical or mental condition, was in fact, particularly vulnerable." *State v. Adams,* 864 S.W.2d at 35. Thus, the factor may be used to enhance sentences when a victim's natural physical and mental limitations renders the victim particularly vulnerable for his or her age because of an inability to resist, a difficulty in calling for help, or a difficulty in testifying against the perpetrator. *State v. Hayes,* 899 S.W.2d 175, 185 (Tenn.Crim.App.), *perm. to appeal denied* (Tenn.1995).

This rationale applies to aggravated sexual battery convictions involving a victim under the age of thirteen as well. In Roberson's case, proof established that the victim was eight years old, but that she resisted, that she immediately summoned help, and that she testified as a competent witness at trial. No particular vulnerability was shown. Having established only the victim's age, which was an essential element of the offense, the court could not rely on factor (4) to enhance the sentence.

#### 2. Factor (6)

Likewise, as the state conceded, the use of factor (6) was inappropriate in Roberson's case. That factor, by its terms, requires the infliction of "particularly great" personal injuries. Every rape or sexual battery offense is physically and mentally injurious to the victim. Undoubtedly, the legislature considered the traumatizing nature of the offenses when it placed them in the two highest felony classifications. Before a court

**8.** Had factor (4) been used to enhance Kissinger's sentence, that use would also have been erroneous.

can enhance the otherwise applicable sentence, however, the record must support a finding that the personal injures were particularly great. In such rape and sexual battery cases, the factor can be applied. As the state has conceded, no evidence in the *Roberson* case establishes that the physical or mental injuries were particularly great. The state did not offer any medical or psychological proof, the witnesses detailed no specific injuries, and the court found only that the victim had experienced "emotional trauma."

Neither factor (4) or (6) should have been used to enhance Roberson's sentence.

### B.

### Enhancement Factors (10) and (16)

#### 1. Factor (10)

■ In Kissinger's case, the trial court applied factors (10) and (16), both of which focus on circumstances which might have resulted from the offense. The appellate court found no evidence to support enhancement factor (10). We agree.

■ That factor allows enhancement when a defendant has no hesitation about committing a crime when the risk to human life is high. Tenn.Code Ann. § 40–35–114(10) (1995 Supp.). The trial judge applied the factor, not based on any evidence in this case, but generically, concluding that "many murders [are] committed during the course of rape." While the trial judge's conclusion may be true, that fact, implicit in the very serious nature of the offenses, has been considered by the legislature in classifying the offenses by degree of seriousness. Enhancement factors are not intended to allow sentence adjustments based on the general nature of the offense. Rather, they are to be based on the specific evidence in the record regarding the offense and the offender. Consequently, we concur with the Court of Criminal Appeals' determination that enhancement factor (10) was not established on this record and should not have been considered.

#### 2. Factor (16)

■ Kissinger challenges the applicability of factor (16) which allows enhancement if the offense was committed under circumstances with great potential for bodily injury. The proof shows that Kissinger rubbed against B.J.'s naked body and orally and anally penetrated J.J., a nine-year old boy. While anal penetration can create the potential for bodily injury, no particular evidence suggests that the potential was great in this case. The record contains no evidence to suggest that Kissinger ever threatened to harm the boys or that they were fearful of him. Apparently they went with him willingly and when they learned they were to return to their mother's care, they expressed the desire to remain at Kissinger's parents' home. Under these circumstances, we do not find that the potential for bodily injury was especially great and accord little weight to this factor.[9]

### C.

### Enhancement Factor (15)

■ Factor (15) allows a sentence to be enhanced when defendant abuses a position of public or private trust. Tenn.Code Ann. § 40–35–114(15) (1995 Supp.). As such, application of the factor requires a finding, first, that defendant occupied a position of trust, either public or private. The position of parent, step-parent, babysitter, teacher, coach are but a few obvious examples. The determination of the existence of a position of trust does not depend on the length or formality of the relationship, but upon the nature of the relationship. Thus, the court should look to see whether the offender formally or informally stood in a relationship to the victim that promoted confidence, reliability, or faith. If the evidence supports that finding, then the court must determine whether the position occupied was abused by the commission of the offense. Ordinarily, only the first question will pose a difficulty for the court. Both Kissinger's and Roberson's sentences were enhanced based on a

---

**9.** The potential for serious psychological injury was certainly present. However, factor (16) is limited to bodily injury.

violation of a private trust. The distinctions in the evidence in the two cases illustrates vividly the nature of enhancement factor (15).

■ Kissinger clearly occupied a position of trust. He had a long friendship with the victims' mother. She entrusted him with the care of the two boys, first, for short ventures with other children, and eventually, for a longer period as they lived in his parents' home. In many ways, Kissinger was a surrogate father to the boys, trusted by their custodial parent to care for and protect them. Instead, he abused that trust. Factor (15) is appropriately used to enhance both of Kissinger's sentences.

■ Conversely, Roberson was a casual visitor in a house in which the victim and her parents resided. His son was the victim's step-father's niece's boyfriend. No proof suggests that he visited frequently or that the victim or other children at the home were placed in his care.[10] The victim was put to bed on the living room couch while defendant was outside. Her parents were in a nearby room, waiting for the niece and her boyfriend to return with food. Although the victim testified that she was acquainted with Roberson, nothing demonstrates that he occupied any relationship to her that promoted confidence, reliability, or faith in him. The fact that an offender is older than the victim or that the offender is an adult and the victim is a child is insufficient without more to establish a position of trust.[11] Factor (15) should not have been used to enhance Roberson's sentence.

## D.
### Enhancement Factor (7)

■ Next we turn our attention to the application of enhancement factor (7), the one

about which the different intermediate court panels had conflicting opinions. Enhancement factor (7) allows sentence enhancement for offenses involving victims when the offense "was **committed** to gratify the defendant's desire for pleasure or excitement." Tenn.Code Ann. § 40–35–114(7) (1995 Supp.) (emphasis added).

A necessary element of sexual battery, aggravated or not, is sexual contact. Tenn. Code Ann. § 39–13–504(a) (1991 Repl.). Sexual contact is "intentional touching ... if that intentional touching can be reasonably construed as being **for the purpose of sexual arousal or gratification.**" Tenn.Code Ann. § 39–13–501(6) (1991 Repl.) (emphasis added). Rape, on the other hand, requires sexual penetration, not sexual contact. Tenn. Code Ann. § 39–13–502, –503 (1991 Repl.). Unlike sexual contact, sexual penetration, as defined in our Code, has no motive component. Stated otherwise, a rape committed to abuse or harm is no less a rape than a rape which is sexually motivated. It follows that enhancement factor (7), though essential to a finding of sexual battery or aggravated sexual battery, is not an element of rape or aggravated rape and, therefore, may be used as an enhancement factor in appropriate cases.

We have held that a sexually motivated rape is committed to gratify a desire for pleasure or excitement. *State v. Adams,* 864 S.W.2d 31, 35 (Tenn.1993). Conversely, sexual battery requires that the touching be for the purpose of sexual arousal or gratification. Thus, the offense necessarily includes the intent to gratify a desire for pleasure or excitement. *State v. Hayes,* 899 S.W.2d 175, 185 (Tenn.Crim.App.), *perm. to appeal denied* (Tenn.1995).[12] Since the factor is an

---

10. While some defense witnesses suggested that the accusations were the result of Roberson's attempt to make the children mind, the record does not indicate the circumstances under which the disciplinary incident, if any, occurred. Standing alone, this is insufficient to establish that the victim was entrusted to defendant's care.

11. The trial court found that the victim "probably" trusted defendant because he was older and because of his relationship to her stepfather's niece's boyfriend. The first circumstance would apply in most every aggravated sexual battery

case involving a victim under age thirteen. The second supposition is too tenuous to support the use of the factor.

12. Numerous unreported Court of Criminal Appeals cases have adopted reasoning similar to that in *Hayes. See State v. Gary Stinnett,* No. 03C01–9411–CR–00410, 1995 WL 380085 (Tenn. Crim.App., Knoxville, June 29, 1995); *State v. Michael R. Kissinger,* No. 02C01–9401–CR–00013, 1994 WL 709412 (Tenn.Crim.App., Jackson, Dec. 21, 1994); *State v. Paul Benson,* No. 03C01–9307–CR–00241, 1994 WL 666892 (Tenn.

essential element of the offense, it cannot be used to enhance the sentences of sexual battery and aggravated sexual battery. Tenn. Code Ann. § 40–35–114 (1995 Supp.). Accordingly, it was improper to use the factor to enhance Roberson's aggravated sexual battery conviction.

As to Kissinger, a different Court of Criminal Appeals panel refused to apply factor (7) to his aggravated sexual battery conviction, but applied the factor to his aggravated rape conviction based solely on the fact that he "attained sexual orgasm" in committing the crimes. The court reasoned that "in the absence of proof of violence or proof that appellant's actions were motivated by hate, revenge or another non-sexual motive, we conclude that the record supports that trial court's finding."

Thus, the court deemed proof of orgasm, in the absence of proof of some non-sexual motivation, to be sufficient to establish that the offense "was committed" to satisfy defendant's desire for pleasure or excitement. We disagree with the court's rationale in several particulars.

■ First, and foremost, the analysis suggests that factor (7) is applicable only when a defendant rapes for a singular purposes, that purpose being to gratify his or her desire for pleasure or excitement. By suggesting that the presence of some other motive—hate, revenge, or some non-sexual motive—would negate the application of factor (7), the court wrongly establishes a single motive test not present in the language or history of factor (7).

The focus of factor (7) is on defendant's motive for the commission of the offense. The motive need not be singular for the factor to apply, so long as defendant is motivated by defendant's desire for pleasure or excitement. Thus, factor (7) could be used to enhance a defendant's sentence who raped an ex-lover out of spite and hatred **and** for the purpose of satisfying sexual urges. Clearly,

the state need not prove a singular motive for the offense to rely on factor (7) in the appropriate case.

■ Secondly, the state need not prove a sexual motive for the offense to be enhanced based on factor (7). The enhancement factor is not based on sexual desire, sexual pleasure, or sexual gratification. It applies anytime an offender commits an applicable offense [13] to gratify the offender's desire for any pleasure or any excitement. While that pleasure or excitement may be of a sexual nature, it does not have to be. Therefore, an offender who is motivated to rape by his or her desire to overpower or brutalize, when that desire creates pleasure or excitement for the offender, may suffer a factor (7) sentence enhancement. Moreover, factor (7) may be used to enhance sentences for offenses that are not of a sexual nature. An offender who steals because of a pleasure experienced in "not getting caught;" an arsonist who burns houses due to the excitement that watching fire brings; an assaulter who breaks an arm to hear the victim beg for mercy—all may have their sentences enhanced under factor (7) providing the state produces proof of the factor.

■ Lastly, the Court of Criminal Appeals' conclusion that the fact that an offender experienced orgasm is sufficient, standing alone, for the application of factor (7) is an incorrect conclusion. The essence of factor (7) is the legislative determination that those who are motivated to commit a crime to gratify their own desire for pleasure or excitement should be punished more severely than those who are not. The focus is the offender's motive, not the eventual result.

The fact that one attains orgasm is a result of sexual behavior. The desire to achieve orgasm may motivate an offender to rape. But the motivating desire and the actual result are not the same. That orgasm did or did not occur is simply one factor a court may consider in determining whether the

Crim.App., Knoxville, Nov. 30, 1994); *State v. Robert Wilson*, No. 03C01–9209–CR–00305, 1993 WL 79626 (Tenn.Crim.App., Knoxville, March 22, 1993). *But see State v. Donald C. McCary*, No. 03C01–9303–CR–00103, 1994 WL 176972 (Tenn.Crim.App., Knoxville, May 11, 1994).

**13.** An "applicable offense" is used to mean one in which factor (7) is not an essential element.

offender committed the offense to gratify the offender's desire for pleasure or excitement. That an offender experienced orgasm does not in and of itself prove the existence of the factor. Likewise, that orgasm did not occur does not necessarily negate the finding.

Enhancement factor (7), unlike most of the other sentencing factors, calls into question a defendant's reasons for committing a crime. Human motivation is a tangled web, always complex and multifaceted. To prove defendant's motives will always be a difficult task. But the legislature, in its wisdom, has placed that obligation on the state when the state seeks an enhanced sentence.

■ We conclude that the single, isolated fact of orgasm is insufficient to justify any conclusion concerning the motivation for a rape. It must be viewed along with all the other circumstances in the case. In Kissinger's case, the record contains no proof beyond the emission of semen to indicate his motivation. We cannot conclude that defendant committed rape to gratify his desire for pleasure or excitement simply because the record shows that he ejaculated and that he did not act out of hatred or revenge.

## III.

### Conclusion

Kissinger was sentenced to serve twenty-five years for aggravated rape and twelve years for aggravated sexual battery, the maximum sentences for Range I offenders. Roberson also received the maximum sentence of twelve years for his aggravated sexual battery conviction. We have thoroughly examined the record in each case and given careful consideration to the statutory sentencing requirements.[14] We summarize our conclusions below.

### A. *State v. Kissinger*

■ The record supports the application of enhancement factors (1), (15), and (16) to both of Kissinger's convictions. Although we give little weight to factor (16) (great potential for bodily injury), the remaining two factors are entitled to great weight. Kissinger has a previous history of sexual offenses. He thrust himself into a position of trust with a vulnerable family and abused the relationship he established with two young boys obvious desirous of an appropriate relationship with him. The record fully supports consecutive sentences of twenty-five and twelve years. We affirm the sentences imposed by the trial court.

### B. *State v. Roberson*

■ The record supports a single enhancement factor in Roberson's case. He has two prior convictions, one for the statutory rape of his teenage daughter and the other, a misdemeanor conviction, for simple possession of marijuana. In the absence of any other enhancement factors, we modify Roberson's sentence to ten years and remand his case to the Hardin County Criminal Court for proceedings consistent with this opinion.

ANDERSON, C.J., and DROWOTA, REID and BIRCH, JJ., concur.

---

14. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of the appellate court to conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn.Code Ann. § 40–35–401(d) (1991 Repl.). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn.1991). The Sentencing Commission Comments provide that the burden is on defendant to show the impropriety of the sentence. Review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn.Code Ann. §§ 40–35–102, –103 and –210 (1991 Rep.) & (1995 Supp.).