IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 30, 2001

## STATE OF TENNESSEE v. SCOTT BRADLEY PRICE

**Direct Appeal from the Criminal Court for Knox County**
**No. 63426     Mary Beth Leibowitz, Judge**

**No. E2000-00441-CCA-R3-CD**
**November 19, 2001**

The Appellant, Scott Bradley Price, was convicted of child rape, a class A felony, following a Knox County jury trial. The trial court sentenced Price, as a range I offender, to twenty-one (21) years in the Department of Correction. In his sole issue on appeal, Price argues that the trial court erred in the length of sentence because the mitigating factors outweighed the enhancement factors and, therefore, his sentence should have been reduced below the midpoint range of twenty (20) years. After a review of the record, we affirm the sentence of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Gerald L. Gulley, Jr., Knoxville, Tennessee, for the Appellant, Scott Bradley Price.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Angele M. Gregory, Assistant Attorney General; Randall E. Nichols District Attorney General; and Kevin Allen, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Analysis**

The Appellant argues that the trial court "abused its discretion by sentencing the [Appellant] to twenty-one (21) years imprisonment, because the mitigating factors outweighed the enhancing factors, and the trial court should have reduced the sentence below the presumptive midpoint of the applicable range." When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the

affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." Ashby, 823 S.W.2d at 169.  Furthermore, when conducting a *de novo* review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the Appellant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment.  Tenn. Code Ann. § 40-35-102, -103, -210 (1997); Ashby, 823 S.W.2d at168.

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result.  State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).  However, where the trial court fails to comply with the statutory provisions of sentencing, appellate review is *de novo* without a presumption of correctness.  State v. Winfield, 23 S.W.3d 279, 283 (Tenn. 2000) (citing State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997)).  Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. Id.

In the present case, the Appellant was convicted of child rape, a class A felony.  Tenn. Code Ann. § 39-13-522 (1997).   As a range I offender, the sentencing range for child rape is fifteen (15) to twenty-five (25) years.  Tenn. Code Ann. § 40-35-112(a)(1) (1997).  The presumptive sentence for a class A felony "shall be the midpoint of the range if there are no enhancement or mitigating factors." Tenn. Code Ann. § 40-35-210(c) (1997).  Where enhancement factors are present, but no mitigating factors, "then the court may set the sentence above the minimum in that range but still within the range." Tenn. Code Ann. § 40-35-210(d) (1997).  Where there are both enhancing and mitigating factors present, "the court must start at the minimum sentence in the range, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors." Tenn. Code Ann. § 40-35-210(e) (1997).  The trial court found two enhancement factors: (1) the Appellant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; and (7) the offense involved a victim and was committed to gratify the Appellant's desire for pleasure or excitement.  *See* Tenn. Code Ann. § 40-35-114 (1997).  The trial court also applied two mitigating factors: (1) the Appellant's criminal conduct neither caused nor threatened serious bodily injury; and (13) any other factor consistent with the purposes of this chapter, [*i.e.,* (1) admission to the offense, and (2) cooperation with the police].  *See* Tenn Code Ann. § 40-35-113 (1997).

The Appellant first contends that enhancement factor (1) was misapplied.  The presentence report reflects that the Appellant's first encounter with law enforcement occurred while still a juvenile.  His first adult conviction occurred when he was nineteen years old.  His criminal history includes two counts of shoplifting, and driving on a revoked license.  He was also declared a

Habitual Motor Vehicle Offender.  Thus, the trial court properly considered the Appellant's prior criminal history under enhancement factor (1).

Second, the Appellant contends that the trial court erred in applying enhancement factor (7), *i.e.*, the offense was committed for the Appellant's pleasure or excitement.  Enhancement factor (7) calls into question an appellant's motive for committing a crime.  State v. Kissinger, 922 S.W.2d 482, 491 (Tenn. 1996); *see also* State v. Arnett, 49 S.W.3d 250, 261-62 (Tenn. 2001).  "Human motivation is a tangled web, always complex and multifaceted."  Kissinger, 922 S.W.2d at 491.  Proving an appellant's motive will always be a difficult task. Id.  "But the legislature . . . has placed that obligation on the [S]tate when the state seeks an enhanced sentence."  Id.  We find that the trial court improperly applied this factor because the State has failed to carry its burden of showing that the offense was committed to gratify the Appellant's desire for pleasure or excitement.

The Appellant next argues that the trial court erred by not giving more weight to the mitigating factors.  The trial court, applying mitigating factor (1), found that the Appellant's conduct did not cause or threaten serious bodily harm.  We disagree and are compelled to note that every rape is physically and mentally injurious to the victim. *See* Kissinger, 922 S.W.2d at 487. It is difficult to conceive of any factual situation where the rape of a child would not *threaten* serious bodily injury.  Notwithstanding this fact, serious bodily injury as defined by the statute includes an injury that involves "extreme physical pain; . . . or substantial impairment of a . . . mental faculty."  Tenn. Code Ann. § 39-11-106(a)(34) (1997).  Clearly, the fact that the victim was sexually penetrated at age twelve necessarily includes a threat of mental impairment.  The record reflects that the victim underwent extended counseling and has difficulty coping with normal activities. Accordingly, we find mitigating factor (1) is inapplicable in this case.

Finally, the Appellant argues that due to the presence of non-enumerated mitigators, his sentence should have been mitigated below the midpoint range.  The trial court applied mitigating factor (13) because the Appellant admitted his participation in the crime and cooperated with the police.  While the trial court could have considered this factor, the record also reflects that the Appellant attempted to minimize his culpability by stating that it was the victim who instigated sexual intercourse.

The weight to be afforded an existing factor is left to the sentencing court's discretion so long as the court complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record.  State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996).  The weight to be afforded mitigating and enhancement factors derives from balancing relative degrees of culpability within the totality of the circumstances of the case involved.  Boggs, 932 S.W.2d at 476; *see also* State v. Marshall, 870 S.W.2d 532, 541 (Tenn. Crim. App. 1993). Based upon his prior criminal history and after affording little weight to mitigating factor (13), we conclude that the record supports enhancement of the Appellant's sentence one year beyond the midpoint range.  Based upon the foregoing, we find the imposition of a sentence of twenty-one (21) years is justified.

## CONCLUSION

Following *de novo* review, we find the sentence of twenty-one (21) years imposed for child rape to be appropriate in the present case. Accordingly, we affirm the sentence imposed by the Knox County Criminal Court.

_____
DAVID G. HAYES, JUDGE