# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 2, 2004

## STATE OF TENNESSEE v. ELROY GAINES

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-03286     Chris Craft, Judge**

---

**No. W2003-01442-CCA-R3-CD  - Filed March 30, 2004**

---

A Shelby County jury convicted the defendant of aggravated sexual battery.  The trial court sentenced the defendant as a career offender to thirty years.  The defendant contends on appeal that the evidence is insufficient to support his conviction.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Tony N. Brayton (on appeal), Mary K. Kent (at trial), and Robert H. Gowen (at trial), Assistant Public Defenders, for the appellant, Elroy Gaines.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steve Jones, Assistant District Attorney General, for the appellant, State of Tennessee.

## OPINION

The thirty-five-year-old victim, Renita Brown, testified that on July 14, 2000, she left her mother's residence with the defendant in order to purchase marijuana.  She stated the defendant grabbed her and pulled her into an alley and, when she started screaming, punched her in the eye. Brown testified the defendant took her to a park where he choked her and made her perform oral sex on him.  She stated the defendant forced her to accompany him to an empty house, where the defendant again forced her to perform oral sex on him.  Brown stated she had oral sex with the defendant because he threatened to kill her with a brick he was holding.  She stated the defendant beat her with his fist on her legs, choked her, covered her mouth with his hand, and forced her to have vaginal intercourse "for hours" before she finally "passed out."  Brown was subsequently treated for her injuries at Memphis Regional Medical Center and by a nurse from the Memphis Sexual Assault Resource Center.

Paulina Perkins, the victim's mother, testified that on the morning of July 14, the victim appeared at her house bruised and bleeding with her clothes "tore off of her." Perkins stated the victim said she had been beaten by the defendant.

Sholar Howard, a forensic nurse with the Memphis Sexual Assault Resource Center, testified she examined the victim on the morning following her assault. The victim had a contusion on her forehead, a swollen and bruised left eye, bruises on both sides of both arms, and a very large wound on her right hip. Howard testified she was unable to perform a genital examination on the victim because there was "so much swelling" and the victim's genital area was "very tender and very painful." She stated the victim's injuries were consistent with a forcible rape having occurred within the past day. Howard collected a sample of the victim's vaginal fluid, which was sent to the Tennessee Bureau of Investigation for analysis.

Donna Nelson, a forensic scientist with the Tennessee Bureau of Investigation, testified she performed the laboratory analysis comparing the fluid obtained from the victim's vagina with a sample of the defendant's DNA. The sample taken from the victim's vagina matched the DNA of the defendant.

The defendant testified that on the night of July 13, he saw the victim at a rooming house where he went to cut up some cocaine. The defendant testified he and the victim went to another house, smoked cocaine, and had consensual sexual intercourse. He testified he exchanged cocaine with the victim in return for sex. The defendant stated he left the victim for a period of two and a half hours in order to purchase drugs. He testified that when he returned to the house, he was told by others at the house that "[the victim] is going to get you in a whole lot of trouble." The defendant stated he was told the victim had named him as the perpetrator of the recent murder of the defendant's nephew. The defendant testified he left the house with the victim, accused her of lying, and slapped her. He admitted beating the victim but denied raping her.

The defendant was indicted on two counts of aggravated kidnapping and two counts of aggravated rape. The jury acquitted the defendant on three of the counts and found the defendant guilty of the lesser-included offense of aggravated sexual battery on the other count. Specifically, the jury found the defendant had unlawful sexual contact with the victim causing her bodily injuries. *See* Tenn. Code Ann. § 39-13-504(a)(2).

## SUFFICIENCY OF THE EVIDENCE

The defendant contends the evidence at trial is insufficient to sustain his conviction for aggravated sexual battery. The defendant specifically argues the record does not include any direct evidence that the defendant engaged in sexual contact with the victim for the purpose of sexual arousal or gratification. We disagree.

## A. Standard of Review

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

## B. Analysis

Aggravated sexual battery, as applicable to the case at bar, is unlawful sexual contact with a victim by the defendant resulting in bodily injury. Tenn. Code Ann. § 39-13-504(a)(2). "Sexual contact" includes "the intentional touching of the victim's . . . intimate parts . . . if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification[.]" *Id.* § 39-13-501(6). "Bodily injury includes a cut, abrasion, bruise, burn or disfigurement; physical pain or temporary illness or impairment of the function of a bodily member, organ, or mental faculty." *Id.* § 39-11-106(a)(2).

Viewing the evidence in a light most favorable to the state, as we must, there is overwhelming evidence to support the conviction. A victim's testimony alone is sufficient to support a conviction for a sexual assault. State v. McKnight, 900 S.W.2d 36, 48 (Tenn. Crim. App. 1994). The victim testified the defendant first forced her to perform oral sex on him at a park. She stated the defendant complained she was not "doing it right." The victim also testified the defendant attempted to have vaginal intercourse with her at the park and was unable to do so. At the abandoned house, the defendant again forced the victim to perform oral sex and then committed a vaginal assault, the latter being the basis for the conviction. The subsequent medical examination of the victim revealed the defendant ejaculated and further revealed the victim suffered numerous bodily injuries. Although the defendant denied responsibility, it was within the jury's prerogative to reject the defendant's testimony. *See* State v. Vigil, 65 S.W.3d 26, 33 (Tenn. Crim. App. 2001).

The defendant also contends the state failed to establish the sexual contact was for the "purpose of sexual arousal or gratification." *See* Tenn. Code Ann. § 39-13-501(6). His reliance upon State v. Arnett, 49 S.W.3d 250, 262 (Tenn. 2001), State v. Kissinger, 922 S.W.2d 482, 490 (Tenn. 1996), and State v. Williams, 920 S.W.2d 247, 260 (Tenn. Crim. App. 1995), is misplaced. These cases relate to the sentencing application of an enhancement factor for an offense "committed to gratify the defendant's desire for pleasure or excitement." *See* Tenn. Code Ann. § 40-35-114(8) (2003). Nevertheless, to the extent they might have some relevance to the sufficiency of the evidence to support a conviction for aggravated sexual battery, we conclude the evidence in the case before us was more than sufficient to allow a reasonable juror to conclude beyond a reasonable doubt that the sexual contact was for sexual arousal or gratification. This issue lacks merit.

Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE