IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2018

## STATE OF TENNESSEE v. JACOB BERGUM

**Appeal from the Circuit Court for Montgomery County**
**No. CC-15-CR-178 Jill Bartee Ayers, Judge**

_____

### No. M2016-02399-CCA-R3-CD

_____

The defendant, Jacob Bergum, was sentenced to ten years in confinement by the trial court for his Class B felony conviction of aggravated sexual battery. On appeal, the defendant argues the trial court improperly enhanced his sentence as a Range I offender from the minimum of eight years to ten years in violation of the purposes and principles of the Tennessee Criminal Sentencing Reform Act. Following our review of the briefs, the record, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Jacob Bruce Bergum.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Kimberly Lund, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Facts and Procedural History

In February of 2015, a Montgomery County grand jury indicted the defendant for two counts of aggravated sexual battery of a victim less than thirteen years of age in violation of Tennessee Code Annotated section 39-13-504 (a)(4). On August 22, 2016, the defendant entered an open guilty plea for one count of aggravated sexual battery, the second count was dismissed. At the guilty plea hearing, the State recited the following facts into the record:

In December of 2014 Nanette Neyevaz (both names phonetically spelled) needed some assistance assembling a doll house for her daughter[,] [the victim], who was five-years-old at the time. She contacted the [d]efendant along with a friend of his who came over to the home to assist with the completion of the doll house. At some point [the victim] woke up and the [d]efendant went to her in order to keep her from seeing the doll house or the aftermath of the putting together.

[The victim] would testify at trial that they watched a Barbie princess movie in the living room, and that [the] [d]efendant put her on his lap, repeatedly tickling her private parts. She demonstrated that during a forensic interview by moving her finger back and forth on her clothing. She indicated that this was only on her clothing with his finger.

When her mother began vacuuming it bothered them so they went into the bedroom where they were both laying on the bed. She would further testify that he tickled her private parts again on top of her clothes, kissed her on the lips and told her that this was a secret, not to tell her mother. Ms. Neyevaz did walk into the bedroom seeing the two of them on her bed together.

When interviewed by law-enforcement [the defendant] stated that while they were watching the videos she was sitting on his arm and hand and his hand was resting on her bum. When asked about [the] pinky promise[,] [the defendant] stated that she was the one who wanted to pinky promise. They were watching YouTube videos on his phone and ultimately went to her bedroom where he kissed the victim on the cheek while lying on the bed with her. He later stated that the pinky promise was for the kissing on the cheek.

Further into the interview with law-enforcement he advised that while they were watching the videos on his phone he began to tickle her again in the bedroom, and advised while tickling her she was wiggling around on his lap, and he could not control himself and he was tickling her with one of his hands on her privates on top of her clothing. When he realized what he was doing he believed it was wrong and did stop.

After conducting a plea colloquy, the trial court found the guilty plea was knowing and voluntary and entered a conviction for aggravated sexual battery against the defendant.

- 2 -

At the subsequent sentencing hearing, the State entered the presentence report and a victim impact statement from the victim's mother into evidence. The defendant did not offer any proof. However, in an unsworn statement to the trial court, the defendant claimed that at the time he committed the offense, he was "under a lot of stress" as he was in an argument with his girlfriend and he "didn't have a clear mind." The defendant apologized for his actions and further stated he "plan[s] on seeking God" and counseling upon his release.

The State then argued two enhancement factors applied to the defendant pursuant to Tennessee Code Annotated section 40-35-114. First, as noted in the presentence report, the State asserted the defendant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range. Tenn. Code Ann. § 40-35-114 (1). Specifically, the defendant pled guilty on July 1, 2015, to two counts of attempted sexually abusive activity to a child for crimes committed on March 14, 2015, in Michigan. Second, the State argued the defendant abused a position of private trust in committing the offense against the victim. Tenn. Code Ann. § 40-35-114 (14). The State explained:

> The factual basis that was provided to the [c]ourt at the time of the plea, was that the [d]efendant was a friend of the family who came over with several others to help put together a doll house around Christmas time. The [d]efendant volunteered to go into this room, the room of a five-year old, to keep her busy while the other adults were putting the doll house together.

The defendant agreed both enhancement factors applied, but argued the trial court should consider as mitigating factors the defendant's remorse and that he did not cause or threaten serious bodily injury to his victim. Tenn. Code Ann. § 40-35-113 (1), (13). In sentencing the defendant, the trial court applied the two enhancement factors as argued by the State, but declined to apply any mitigating factors. As a result, the defendant received a sentence of ten years to serve in the Tennessee Department of Correction. This timely appeal followed.

**Analysis**

On appeal, the defendant argues the trial court erred in enhancing his sentence above the minimum sentence of eight years. The defendant contends the trial court improperly weighed the abuse of trust enhancement factor and the remorse mitigating factor in sentencing him to ten years in confinement. The defendant claims his "sentence should be reduced by deducting one enhancer and crediting one mitigator." The State argues the defendant cannot show the trial court abused its discretion in weighing the

applicable enhancement and mitigating factors. After our review, we conclude the defendant has failed to establish that his ten-year, within-range sentence is improper. Accordingly, we affirm the sentence.

It is well settled that this Court reviews within-range sentences imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). Once the trial court has determined the appropriate sentencing range, it "is free to select any sentence within the applicable range." *State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-210 (d)). When determining a defendant's sentence and the appropriate combination of sentencing alternatives, trial courts are to consider the following factors:

(1) The evidence, if any, received at the trial and the sentencing hearing;
(2) The presentence report;
(3) The principles of sentencing and arguments as to sentencing alternatives;
(4) The nature and characteristics of the criminal conduct involved;
(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210 (b). The trial court must state on the record the statutory factors it considered and the reasons for the ordered sentence. Tenn. Code Ann. § 40-35-210 (e); *Bise*, 380 S.W.3d at 705-06. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence, however, should not negate the presumption [of reasonableness]." *Bise*, 380 S.W.3d at 705-06. A trial court's sentence "should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10.

Here, the trial court sentenced the defendant to ten years' incarceration as a Range I offender for the Class B felony of aggravated sexual battery. As a Range I offender, the defendant faced a sentencing range between eight and twelve years. Tenn. Code Ann. §§ 39-13-504 (b); 40-35-112 (a)(2). As such, the ten-year sentence imposed by the trial court falls within the applicable sentencing range for the defendant's offense and is

presumed reasonable by this Court. *Bise*, 380 S.W. 3d at 707; *Caudle*, 388 S.W.3d at 278-79.

The defendant argues the trial court improperly enhanced his sentence by relying on the abuse of private trust enhancement factor and by failing to consider the defendant's remorse or that he "accepted responsibility for his action" by pleading guilty as mitigating factors. In assessing the applicable enhancement and mitigating factors, the trial court stated:

> As you know, in determining the appropriate sentence, the [trial] [c]ourt has to take into consideration the facts as presented when we took the open plea. The information in the presentence report, principles of sentencing and the nature and characteristics of the conduct that was involved in this case. Also, look at the statistical information as provided by the Administrative Office of the Courts. Based on all of that, and [the defendant's] statement today, the [c]ourt finds that he is a range one offender and then looking to the enhancement factors, number one -- that he does have a previous history in addition to that necessary - or in addition to what we are dealing with today. So, one is applicable as well as fourteen - that he did abuse a position of private trust with the circumstances of this case.
>
> In looking at the mitigating factors, I find really no mitigating factors are applicable. The argument that he neither caused nor threatened serious bodily injury. I just have a hard time thinking that that's applicable with regard to a five year old in this circumstance. So, no enhancements (sic) factors. This is a -- as a range one offender, a felony subject to eight to twelve years. In looking at the -- no mitigating factors and the enhancement factors, the [c]ourt is going to order ten years to serve in TDOC.

As evidenced above, in sentencing the defendant, the trial court properly weighed the applicable enhancement factors and found no mitigating factors applied. The presentence report lists the defendant's prior convictions for attempted sexual crimes against a minor. Additionally, the State provided sufficient facts to establish the defendant abused a position of private trust, and the defendant conceded the same. *See State v. Kissinger*, 922 S.W.2d 482, 488 (Tenn. 1996). Though the trial court failed to mitigate the defendant's sentence, we find nothing in the record to indicate the trial court abused its discretion in making that determination. *Bise*, 380 S.W.3d at 707. Furthermore, our supreme court has made clear "mere disagreement with the trial court's weighing of the properly assigned enhancement and mitigating factors is no longer a

ground for appeal." *Bise*, 380 S.W.3d 682, 706 (Tenn. 2012). Accordingly, the defendant is not entitled to relief, and we affirm the eight-year sentence to be served in the Tennessee Department of Correction.

## Conclusion

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____

J. ROSS DYER, JUDGE
