IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 8, 2005

## STATE OF TENNESSEE v. JOANN WHITE POGUE

**Direct Appeal from the Circuit Court for Marshall County**
**Nos. 15733, 15734, 15735, 15736, 15737      William Charles Lee, Judge**

_____

**No. M2004-00905-CCA-R3-CD - Filed June 3, 2005**

_____

The appellant, Joann White Pogue, pled guilty in the Marshall County Circuit Court to five counts of delivery of morphine and five counts of selling morphine, Class C felonies. The trial court merged each delivery conviction into a conviction for selling morphine and sentenced the appellant to an effective nine-year sentence in the Department of Correction (DOC). On appeal, the appellant claims the trial court improperly enhanced her sentences and improperly concluded that she was not entitled to the presumption that she was a favorable candidate for alternative sentencing. We agree that the trial court improperly applied enhancement factors and that the appellant was entitled to the presumption. Upon review of the record and the parties' briefs, we conclude that the trial court erred in its sentencing determinations and remand for resentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Reversed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and J. C. MCLIN, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, and Michael J. Collins, Shelbyville, Tennessee, for the appellant, Joann White Pogue.

Paul G. Summers, Attorney General and Reporter; and Brent C. Cherry, Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

At the appellant's guilty plea hearing, the state presented the following factual account of the crimes: On November 5, 12, 15, 17, and 19, 2002, agents from the Seventeenth Judicial District Drug Task Force watched as the appellant arrived at the home of a confidential informant and sold

him morphine pills. The appellant was arrested and gave a statement on January 17, 2003. In the statement, the appellant said that she had a prescription for morphine and began selling 30 milligram and 80 milligram pills in 2001 for extra money. The appellant estimated that she had sold between $5,000 and $10,000 worth of pills.

At the sentencing hearing, Beth Ladner from the Tennessee Probation and Parole Department testified that she prepared the appellant's presentence report. The appellant gave a statement for the report, and according to the statement, the appellant had been diagnosed with liver cancer, and her doctors had prescribed morphine pills for her. The appellant began taking the drug intravenously and selling the pills in order to pay her bills. Ms. Ladner testified that a drug task force agent also gave a statement for the presentence report. In the statement, the agent stated that the appellant admitted to him that she had sold morphine to at least twelve people and had sold about seven hundred pills. Ms. Ladner testified that the appellant has prior convictions for disorderly conduct, assault, and shoplifting and has been receiving disability payments since 1995. She stated that the appellant had received an alternative sentence and drug treatment in the past. She related that the appellant has three children and that all three were in prison.

Detective Kevin Patin of the Lewisburg Police Department testified that he investigated the death of a man named James Kelly and that an autopsy revealed Mr. Kelly died of a morphine overdose. Mr. Patin talked with the appellant about Mr. Kelly's death, and the appellant eventually admitted to him that Mr. Kelly injected morphine at her home about nine hours before his death. On cross-examination, Mr. Patin testified that he presented evidence against the appellant to a grand jury, but the appellant was not indicted for Mr. Kelly's death.

The forty-nine-year-old appellant testified that a doctor diagnosed her with liver cancer three years ago and prescribed morphine pills for her. She became addicted to the drug, began taking it intravenously, began selling the pills, and made excuses to her doctor in order to get new morphine prescriptions. Although the appellant was still taking the drug, she stopped abusing it when she went to jail for the current offenses. She related that in addition to liver cancer, she suffered from hepatitis C, sleep apnea, and diabetes. She stated that she took Zoloft for anxiety and insulin twice a day for her diabetes. She stated that she currently was undergoing chemotherapy for her cancer and that doctors expected her to live another five to ten years. The appellant related that she had not worked in five years. On cross-examination, she acknowledged that Mr. Kelly "shot up" morphine in her home before he died. She said that with the money she made from selling the morphine pills, she helped some people pay their rent and electric bills, bailed some people out of jail, and donated turkeys to her church. She acknowledged that she sold morphine pills out of her home and had people selling and delivering the pills for her.

The trial court found that the appellant was a Range I, standard offender. The trial court applied enhancement factors (2), that the appellant has a "previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range"; (11), that the appellant "had no hesitation about committing a crime when the risk to human life was high"; and (17) that the "crime was committed under circumstances under which the potential for bodily injury

to a victim was great." <u>See</u> Tenn. Code Ann. § 40-35-114(2), (11), (17). It also applied enhancement factor (16), that the appellant abused a position of private trust, on the basis that she abused the doctor/patient relationship when she obtained the morphine prescriptions from her doctor. <u>See</u> Tenn. Code Ann. § 40-35-114(16). For three of her convictions, the trial court enhanced her sentences from the three-year minimum in the range for a Class C felony to four years. <u>See</u> Tenn. Code Ann. 40-35-112(a)(3). For the remaining two convictions, the trial court enhanced the sentences to five years. The trial court ordered that the four-year sentences be served concurrently to each other and that the five-year sentences be served concurrently. However, because of the appellant's criminal history, the trial court ordered that the concurrent four-year sentences be served consecutively to the five-year sentences for an effective sentence of nine years. <u>See</u> Tenn. Code Ann. 40-35-115(b)(2). Regarding alternative sentencing, the trial court held that the appellant was not entitled to the presumption that she is a favorable candidate for alternative sentencing. <u>See</u> Tenn. Code Ann. § 40-35-102(6). The trial court then stated that in light of the appellant's poor social history and the need to deter others from committing similar crimes, the appellant should serve her sentences in confinement.

## II. Analysis

The appellant claims the trial court misapplied enhancement factors and improperly determined that she was not entitled to the presumption that she was a favorable candidate for alternative sentencing. The state concedes that the trial court misapplied enhancement factors (11), (16), and (17) to the appellant's sentences. However, it concludes that her four- and five-year sentences were appropriate in light of the trial court's proper application of enhancement factor (2) for her prior criminal convictions and criminal behavior. We agree with the appellant that the trial court misapplied three enhancement factors in this case. We also agree that she was entitled to the presumption that she is a favorable candidate for alternative sentencing.

Appellate review of the length, range, or manner of service of a sentence is de novo. <u>See</u> Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in her own behalf; and (7) the potential for rehabilitation or treatment. <u>See</u> Tenn. Code Ann. § 40-35-102, -103, -210; <u>see also</u> <u>State v. Ashby</u>, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of her sentences. <u>See</u> Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. <u>Id.</u> at (d); <u>Ashby</u>, 823 S.W.2d at 169.

A. Enhancement Factors

The appellant and the state agree that the trial court misapplied enhancement factors (11),

(16), and (17) in this case. Regarding factor (11), that the appellant had no hesitation about committing a crime when the risk to human life was high, there was no evidence of any risk to human life during the transactions that occurred between the appellant and the confidential informant. As to enhancement factor (16), that the appellant abused a position of private trust, the trial court held that it applied because "the position of patient trust . . . was abused in an effort or in order to facilitate the situation of these crimes." However, in determining whether to apply this factor, the trial court should "look to see whether the offender formally or informally stood in a relationship to the victim that promoted confidence, reliability, or faith." State v. Kissinger, 922 S.W.2d 482, 488 (Tenn. 1996). No victim or such relationship existed in this case. Similarly, regarding factor (17), that the crime was committed under circumstances in which the potential bodily injury to a victim was great, no victim existed in this case. Thus, the trial court improperly applied the three enhancement factors. The appellant also claims the trial court misapplied enhancement factors under Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004). However, in light of our supreme court's recent holding in State v. Edwin Gomez, ___ S.W.3d ___, No. M2002-01209-SC-R11-CD, 2005 Tenn. LEXIS 350, at *36-71 (Nashville, Apr. 15, 2005), petitions to rehear filed, (Apr. 2005), the appellant's Blakely argument must fail.

B. Presumption for Alternative Sentencing

Next, the appellant claims the trial court improperly held that she was not a suitable candidate for alternative sentencing. We agree. Tennessee Code Annotated section 40-35-102 provides,

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and

> (6) A defendant who does not fall within the parameters of subdivision (5) and who is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

In the present case, the appellant was convicted of five Class C felonies. Nevertheless, the court held that she was not entitled to the presumption that she is a favorable candidate for alternative sentencing for two of her convictions. The trial court stated,

> This Court is of the opinion -- however, I have not seen any case law that squarely addresses this proposition, since the Criminal Sentencing Reform Act of 1989 has been passed. But I have long since felt that the presumption that one enjoys does not -- the

Defendant does not enjoy that in every case where the Defendant stands before the Court with multiple convictions. Surely, for example, if a person has broken into 25 or 30 different homes, that although they might have the presumption on the first home and perhaps the second home or third home, that the Defendant surely is not presumed to be a candidate for alternative sentencing on home Number 35.

. . . .

And given that the Court has found that the Defendant lacks the presumption which she enjoyed in all of her cases, then the Court denies her request for alternative sentencing.

. . . .

In this case, since it is a close question of law, the Court will allow the Defendant to remain upon an appeal bond in the same amount that has been posted by the Defendant as her appearance bond if her surety will remain upon it.

The Court does that because it would be an injustice if the Court is not correct concerning it's interpretation of the law, given the fact that the Defendant's life expectancy is not as great as others to incarcerate her pending the appeal. So perhaps we will get an answer to the Court's question concerning in which case the person loses their presumption.

Despite the trial court's misgivings, Tennessee Code Annotated § 40-35-102(6) plainly states that if a defendant is convicted of Class C, D, or E felonies and does not fall within the parameters of subsection (5), then the defendant is entitled to the presumption. This is true regardless of how many convictions are involved. See, e.g., State v. Zeolia, 928 S.W.2d 457 (Tenn. Crim. App. 1996) (noting that defendant convicted of four counts of arson, a Class C felony, was entitled to the presumption that he was a favorable candidate for alternative sentencing). Given that all of the appellant's convictions were Class C felonies, she was entitled to the presumption that she is a favorable candidate for alternative sentencing for all of them. Thus, this case must be remanded to the trial court for resentencing.

### III.  Conclusion

Upon review of the record and the parties' briefs, we affirm the convictions; however, finding error in the trial court's sentencing determinations, we remand for resentencing.

_____
NORMA McGEE OGLE, JUDGE